IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **TERRY GILLIAM BARBA,** | * |
| Petitioner | * |
| v. | *   Civil Case No.: RWT 09-cv-1718 |
|  | *   Criminal Case No.: RWT 06-cr-131-3 |
| **UNITED STATES OF AMERICA,** | * |
| Respondent. | * |

## MEMORANDUM OPINION

Pending before the Court is Terry Gilliam Barba's petition under 28 U.S.C. § 2255 to correct his sentence. Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel. Because Petitioner has not shown that counsel's representation was objectively unreasonable and resulted in actual prejudice, the Court will deny the § 2255 petition.

## BACKGROUND

On November 1, 2007, Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams of cocaine base, commonly known as crack, in violation of 21 U.S.C. § 846 (Count One of Superseding Indictment). Case No. 06-cr-00131-3, ECF No. 462. As part of his guilty plea, he also admitted that at least 3.5 kilograms of cocaine, but less than 5 kilograms, were reasonably foreseeable to him through his involvement in the larger trafficking conspiracy. Plea Agreement in *United States v. Barba*, RWT-06-cr-0131-3, at 8 (Oct. 25, 2007); Tr. of Rule 11 Hr'g 32-34, ECF No. 462.

On February 6, 2008, Petitioner was sentenced to 240 months in prison for his role in the conspiracy after the Court determined that he was a career offender. Case No. 06-cr-00131-3,

ECF No. 442.  Petitioner previously had been sentenced to 63 months in prison by the United States District Court for the District of New Jersey on September 12, 1997, for the distribution of controlled dangerous substances.  On September 26, 1997, he had also been sentenced to 15 years in prison by the Superior Court of New Jersey, Essex County, for manslaughter.  U.S. Probation and Pretrial Services Memorandum, February 6, 2008.

## PROCEDURAL HISTORY

On June 29, 2009, Petitioner filed a motion entitled "Motion requesting to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(C)(1)(B) predicated upon another modifying statute (28 U.S.C. § 2255)."  Case No. 06-cr-00131-3, ECF No. 553 (hereinafter Pet'r First Mot.).  On July 24, 2009, Petitioner filed a supplemental and clarifying § 2255 petition alleging ineffective assistance of counsel.  Case No. 06-cr-00131-3, ECF No. 556 (hereinafter Pet'r Second Mot.).  The Government filed an opposition to Pet'r Second Mot., as directed by the Court, on May 6, 2012.  Case No. 06-cr-00131, ECF No. 600.  On July 25, 2010, Petitioner filed a reply.  Case No. 06-cr-00131-3, ECF No. 608 (hereinafter Pet'r Reply).

## STANDARD OF REVIEW

In evaluating claims of ineffective assistance of counsel, the Court applies the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  If Petitioner fails to meet his "burden of proving the first prong under the

*Strickland* test . . . a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992).

## ANALYSIS

In his § 2255 petition, Petitioner alleges two grounds for his ineffective assistance of counsel claim:  1) trial counsel's failure to make a proper reasonable foreseeability determination regarding the amount of cocaine attributable to Petitioner as part of the conspiracy; and 2) trial counsel's failure to object to Petitioner's classification as a career offender.  Pet'r Second Mot. 6. The Court will address each of these arguments in turn.

**I.     Reasonable Foreseeability Determination**

Petitioner first alleges that his counsel was ineffective for failing to "make a proper reasonable foreseeability determination during his plea." *Id*.

A "reasonable foreseeability determination" evaluates an individual conspirator's knowledge of the conspiracy's scope for the purposes of sentencing.  Each conspirator is liable not only for his own actions, but also for the criminal acts of his co-conspirators that are "done in furtherance of the conspiracy" and are "reasonably foreseen as a necessary or natural consequence" of the conspiracy.  *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946); *United States v. Irvin*, 2 F.3d 72, 75 (4th Cir. 1993).  A district court conducts a reasonable foreseeability determination following a trial that results in a guilty verdict for an individual conspirator.  *Irvin*, 2 F.3d at 75.  The court determines the amount of drugs reasonably foreseen to the defendant, based on his role in the conspiracy, in order to properly apply the sentencing guidelines.

Petitioner's first contention is without merit, as no reasonable foreseeability determination was necessary in this case.  Petitioner was not found guilty after a trial, but rather pled guilty and stipulated to the amount of cocaine reasonably foreseeable to him in light of his

3

role in the drug trafficking conspiracy.  Petitioner admitted, both on record before the Court and in his signed plea agreement, that he participated in a drug conspiracy that he could reasonably foresee would involve the trafficking of between 3.5 and 5 kilograms of cocaine.  *See* Tr. of Rule 11 Hr'g 32-34; Plea Agreement at 8.  By no means was it the duty of Petitioner's counsel to ask for or to conduct a reasonable foreseeability determination.  There also is no need to determine whether Petitioner was prejudiced by his counsel's actions, or lack thereof, as Petitioner has failed to demonstrate that his counsel was ineffective in any way.

## II.   Classification as Career Offender

Petitioner also alleges that his counsel was ineffective for failing to object to Petitioner's classification as a career offender, a label which resulted in a heightened sentence for Petitioner under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1.  Pet'r Mot. 6.

Section 4B1.1(a) of Guidelines provides that:

> "(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instance offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

The Guidelines further provide in § 4B1.1(b) that career offenders be assigned an enhanced criminal history category (Category VI) and receive an upward adjustment in their offense level, thereby guaranteeing greater sentences for such individuals.

In 1997, Petitioner was convicted of two separate and unrelated offenses, manslaughter and distribution of a controlled substance.  Petitioner contends that these two prior convictions should have been counted as a single violation, as his sentences for those offenses ran partially concurrently, and thus he does not qualify as a career defender subject to a heightened sentence.  *See* Pet'r First Motion 5.  Petitioner's claim is mistaken, as his two prior convictions are entirely

separate. The mere imposition of concurrent sentences does not result in two convictions being counted as one. *See United States v Flores*, 875. F.2d 1110, 1114 (5th Cir. 1989); *United States v. Rivers*, 929 F.2d 136, 138 (4th Cir. 1991). The Guidelines instruct that prior sentences should be counted separately when computing a defendant's criminal history, unless they resulted "from offenses contained in the same charging instrument" or "were imposed on the same day." U.S.S.G. § 4A1.2. This exception is not applicable here, as Petitioner's prior convictions arose from different charging instruments and his sentences were imposed on different days by different courts. Defense counsel therefore had no obligation to object to the Court's proper evaluation of Petitioner's criminal history and career offender status. Moreover, had Petitioner's counsel lodged any such objection, it would have been rejected, thus negating any prejudice that Petitioner claims to have suffered from his counsel's conduct.

Petitioner further claims that his manslaughter conviction does not count toward his career offender status because it is not a crime of violence, and that his counsel failed to challenge the use of that conviction as a qualifying offense. Pet'r Reply 9. The Commentary to U.S.S.G. § 4B1.2 lists a number of offenses that fall into the "crime of violence" category; manslaughter is included among those enumerated crimes. Petitioner's counsel thus did not render ineffective assistance by not challenging the classification of the manslaughter conviction, nor was Petitioner prejudiced in this regard.

In light of these facts, Petitioner cannot prevail on his second ground for alleging ineffective assistance of counsel.

### III.   Conclusion

Petitioner has not demonstrated that his counsel was ineffective and that, but for counsel's alleged errors, he would not been labeled a career offender and would have received a

lower sentence. It is not necessary to hold an evidentiary hearing on Petitioner's motion, as the parties' filings and the record of the case conclusively show that Petitioner is not entitled to relief. Accordingly, the Court shall deny Petitioner's § 2255 Motion (Case No. 06-cr-00131, ECF No. 556).

A separate Order follows.


Date:  September 24, 2012                                         /s/
                                                               ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE